[S. F. No. 9813. In Bank.—March 17, 1922.]

COUNTY OF SAN BENITO, Appellant, v. GEORGE WAPPLE, Respondent.

[1] HORTICULTURE — EXTERMINATION OF DISEASES AND PESTS — SECTIONS 2322, 2322a, POLITICAL CODE — CONSTRUCTION OF AMENDMENTS.—The legislature, in the adoption in the year 1917 of amendments to the several sections of the Political Code embraced in chapter IVb, title 5, part III, had in view the statute of 1909, relating to the extermination of animal pests by county boards of health and health officers, and by the proviso in the amendment to section 2322 of said code it intended to keep alive the provisions of said former act, which committed to the governing body of each county wherein the provisions of one or the other of said enactments relating to the extermination of ground squirrels re-

quired enforcement, the discretion of determining in advance which alternative systems or methods of procedure should be selected for the eradication of animal pests and to which of two sets of officials the work of extermination should be intrusted.

[2] ID.—ERADICATION OF GROUND-SQUIRRELS—JURISDICTION OF BOARD. Any attempted action on the part of the horticultural commissioner or his deputy in the way of inspection or eradication of ground-squirrels is premature and ineffectual until the board of supervisors of a county has exercised its discretion in determining which system and method of procedure shall be adopted and which set of officials the duty of inspection and extermination of these particular pests shall be intrusted to.

[3] ID.—PLEADING.—A complaint under the provisions of sections 2322 and 2322a of the Political Code for the purpose of establishing and enforcing a lien against the lands of the defendant is fatally defective where it does not contain an averment that the proceedings were preceded by any action on the part of the board of supervisors authorizing the horticultural commissioner or his deputy to initiate or take such proceedings.

APPEAL from a judgment of the Superior Court of San Benito County. John L. Hudner, Judge. Affirmed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, George H. Moore, District Attorney, and Moore & Snell for Appellant.

Thomas E. O'Donnell and Maurice T. Dooling, Jr., for Respondent.

THE COURT.—This appeal is from a judgment in the defendant's favor entered after an order sustaining a demurrer to the plaintiff's amended complaint, without leave to amend. The action was instituted by the plaintiff under the provisions of sections 2322 and 2322a of the Political Code, for the purpose of having a lien which was claimed to have been created and to exist in its favor established and enforced against the defendant's lands.

The foregoing sections of the Political Code have reference to the powers and duties of county horticultural commissions in the matter of the inspection of premises the soil or vegetation of which may be infected with vegetable diseases or infested with insect or animal pests, and of the eradication of such diseases or pests, after notice to the

owner and failure on his part so to do, the expense of such eradication to become a charge against the premises, for which a lien may be filed and foreclosed by the county. This is such a proceeding and action. The defendant's demurrer to the amended complaint was sustained, without leave to further amend.

The questions arising upon this appeal are presented upon the judgment-roll and involve the sufficiency of said amended complaint as stating a cause of action. There were numerous objections urged by the defendant upon his demurrer to the sufficiency of such complaint and which are reiterated here. Some of these stand at the inception of the proceeding on the part of the county horticultural commissioner of San Benito County, as a result of which the lien involved in this action is asserted and these will be considered first.

There are, and from a time antedating the inception of said proceedings were, in existence two separate enactments of the legislature dealing with the eradication of animal pests upon the lands and premises of private persons. A brief history of these two enactments will serve to clarify the present situation. In the year 1907, the legislature (Stats. 1907, p. 801) added chapter IVb to title 5 of part III of the Political Code embracing sections 2322 to 2322c of said code. This enactment embodied provisions for the appointment of horticultural commissioners in counties, and provided for the inspection by these of the premises of private persons infested with infectious vegetable diseases or with insects or other pests, and for their eradication by such officials after a notice to such owners and failure, refusal, or neglect on the part of the latter so to do, the expense of such eradication to be made a charge against the premises in the form of a lien to be foreclosed in a civil action. In the year 1909, these provisions of said chapter of the Political Code were amended and somewhat amplified (Stats. 1909, p. 185), but remained applicable only to the eradication of vegetable diseases and insect pests. At the same session of the legislature another act was passed and approved (Stats. 1909, p. 311) relating to the inspection of premises infested with animal pests by local boards of health and health officers, and for the extermination of same, after notice to and failure, refusal, or neglect of the owner

of the premises so to do, the expense thereof to be paid by the county and to become a charge against and a lien upon the premises, recoverable in a civil action. This act specifically enumerated ground-squirrels and gophers among the pests so to be exterminated. In the year 1917, the legislature again amended and enlarged the provisions of ·chapter IV of said title of the Political Code (Stats. 1917, p. 627), and in so doing extended the same so as to include the eradication of animal pests by horticultural commissioners from the premises of private persons infested with the same, specifically naming ground-squirrels and gophers as among such pests so to be exterminated. This act, in its amendment to section 2322 of the Political Code, contained the following proviso: "provided, this act shall in nowise affect any other act or acts providing for the destruction of ground-squirrels or applying to the proceedings thereunder but it is intended to and does provide the alternative system of proceedings for the extermination of ground-squirrels and gophers referred to in this act; and it shall be within the discretion of the governing body of each county, city and county, city or town herein mentioned to provide for the destruction of ground-squirrels whether under the provisions of this act or under the provisions of such other act or acts; but when any proceedings are commenced under this act, the provisions of this act, and of such amendments as may hereafter be adopted, and no other, shall apply to all such proceedings and any provision contained in any other act or acts in conflict with the provisions hereof shall be void and of no effect as to the proceedings commenced under the provisions of this act."

[1] It is manifest that the legislature, in the adoption in the year 1917 of the aforesaid amendments to the several sections of the Political Code embraced in chapter IVb of the said title thereof, had in view the statute of 1909 relating to the extermination of animal pests by county boards of health and health officers, and that by the foregoing proviso it intended to keep alive the provisions of said former act. This being so, it is equally plain that the legislature, in thus providing for an alternative system of proceedings for the extermination of ground-squirrels and gophers from the infested premises of private persons, intended to avoid any clashing of authority in the administration of said acts

or in the powers and procedure of the two sets of county officials charged respectively with the enforcement thereof. To accomplish this purpose, the foregoing proviso was inserted in said act, wherein it was expressly declared that "it was within the discretion of the governing body of each county, city and county, city or town herein mentioned to provide for the destruction of ground-squirrels whether under the provisions of this act or under the provisions of such other act or acts." It was clearly the purpose of the legislature, by this portion of the foregoing proviso, to commit to the governing body of each county wherein the provisions of one or the other of said enactments relating to the extermination of ground-squirrels required enforcement, the discretion of determining in advance which of the aforesaid alternative systems or methods of procedure should be selected for the eradication of said animal pests and to which of said two sets of officials the work of extermination should be intrusted. This being so, it is evident that the activities of both of these sets of officials charged with the enforcement of said respective acts, in so far as they relate to the extermination of ground-squirrels, must await and be preceded by the exercise of this discretion on the part of the governing body of the locality within which the infested premises lay. The concluding clause in said proviso above quoted, in order to be consistent with this view, must be so interpreted as to refer to such proceedings under said act of which it is part as may be initiated by horticultural commissioners for the eradication of vegetable and insect pests, and which may be commenced by such officials without prior action on the part of the board of supervisors; and it would seem that in such cases the legislature intended that where the extermination of squirrels was not the main object of such proceedings, but merely an incidental element therein, the provisions of said act should apply in their entirety, and without previous action on the part of the board of supervisors. Any other interpretation would have the effect of practically nullifying the earlier portion of said proviso by permitting horticultural commissioners to forestall the exercise of any discretion on the part of the board of supervisors in the choice of methods for the extermination of ground-squirrels.

[2] In the instant case, the board of supervisors of the
county of San Benito was the governing body thereof whose
duty it was to determine under which of said acts and by
which set of officials proceedings should be instituted for the
extermination of the ground-squirrels which infested the
lands and premises of the defendant herein. This being so,
it follows that any attempted action on the part of the hor-
ticultural commissioner or his deputy in the way of inspec-
tion or eradication of such animal pests would be premature
and ineffectual until such discretion had been exercised by
said board of supervisors in determining which system and
method of procedure should be adopted and to which set of
officials the duty of inspection and extermination of these
particular pests should be intrusted. It appears from the
record in this case that the extermination of ground-squir-
rels from the premises of the defendant was the sole object
of whatever proceedings were attempted on the part of the
horticultural commissioner or his deputy. [3] There is
absent from the amended complaint herein any averment
that the proceedings alleged to have been taken with that
sole object in view by the horticultural commissioner or his
deputy, in relation to the lands and premises of the defend-
ant herein, were preceded by any action on the part of the
board of supervisors authorizing either of said officials to
initiate or take such proceedings. This is a fatal defect
in said pleading and one which was apparently irremediable
by any further amendment thereof. Standing as it does
at the very threshold of the proceedings alleged therein to
have been taken affecting the property of said defendant
and asserted to have resulted in the imposition of the lien
thereon sought to be enforced in this action, the absence of
such averment renders the entire proceeding void and said
lien entirely nugatory.

This conclusion renders unnecessary the consideration or
determination of any of the other points presented upon this
appeal, since they all involve the regularity of the proceed-
ings of the deputy horticultural commissioner in the course
of his alleged inspection and extermination of squirrels upon
the defendant's property, and also the regularity of the
steps taken to create the lien of which foreclosure is sought
in this action. If the said horticultural commissioner or
his deputy had no authority to so proceed, without the

previous adoption by the board of supervisors of the system and method of procedure from which said officials could alone derive their jurisdiction to act, it becomes quite immaterial what their course of action may have been or whether or not it was in accord with the provisions of the sections of the Political Code above referred to but which have not been made operative in their application to this particular case.

Judgment affirmed.

Richards, J., *pro tem.*, Shaw, C. J., Waste, J., Shurtleff, J., Wilbur, J., Lawlor, J., and Sloane, J., concurred.