[L. A. No. 8250.  In Bank.—September 29, 1927.]

## THE COUNTY OF RIVERSIDE, Respondent, v. TITLE INSURANCE AND TRUST COMPANY (a Corporation), Appellant.

[1] Horticulture — Extermination of Weeds and Pests — Notice to Owner to Abate Nuisance—Premature Entry by County upon Part of Tract—Validity of Lien.—In a proceeding by a county to foreclose a lien upon real property securing payment of a charge for expenses, including costs and interest, incurred by the county in the abatement of a nuisance after notice to and failure or refusal on the part of the owner of the land to exterminate, destroy, and eradicate from the soil a certain noxious weed known as Russian thistles, and ground-squirrels, a common animal pest, under sections 2322 and 2322a of the Political Code (Stats. 1917, p. 627), recovery by the county is not defeated by the fact that it made a premature entry upon a part of the land which is not sought to be charged with the lien and was not included in the notice to abate the nuisance or in the notice of lien, the whole tract being described on a recorded map by lot numbers.

[2] Id.—Notice of Lien — Error in Date of Labor. — The fact that the notice of lien under subdivision 7 of section 2322a of the Political Code contained an error as to the exact date the labor was performed is immaterial where the notice was filed within the statutory time, as the notice need not have done more than state that a lien was claimed on the described premises for the abatement of a nuisance filed within thirty days after the right to the lien accrued.

[3] Id. — Extermination of Ground-squirrels — Determination of Method by Supervisors—Findings—Pleading—Evidence.—By the amendment of chapter IV of the Political Code, section 2322 et seq. (Stats. 1917, p. 627), providing for an alternative system of proceedings for the destruction of ground-squirrels, it is a neces-

---

3.  See Cal. Jur. 1926 Supp., p. 53.

sary condition precedent to the action of the horticultural commissioners or local boards of health that the board of supervisors of the county or other governing body determine in advance which of the alternative systems or methods of procedure shall be selected for the extermination of said animal pests; and in such a proceeding a finding that the expense incurred in exterminating ground-squirrels was incidental and secondary to the destruction of Russian thistles cannot stand where there is no evidence that the destruction of one pest was the primary and the other the secondary object of the horticultural officer and no averment in the amended complaint that the proceedings taken by the horticultural commissioner or his deputized representative were first preceded by any action on the part of the board of supervisors of the county authorizing either of said officers to initiate the proceedings as to the extermination of ground-squirrels.

---

(1) 2 C. J., p. 1006, n. 96 New.    (2) 2 C. J., p. 1004, n. 50.

APPEAL from a judgment of the Superior Court of Riverside County. William H. Ellis, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Woodruff & Shoemaker for Appellant.

Loyal C. Kelley and Albert H. Ford, District Attorney, for Respondent.

SEAWELL, J.—This appeal was taken by the defendant Title Insurance and Trust Company, a corporation, from a judgment entered in favor of the County of Riverside decreeing the foreclosure of a lien upon defendant's real property as security for the payment of a charge of $1,260.71, including interest and costs, on account of expenses and costs incurred by said county in the abatement of a nuisance after notice to and failure or refusal on the part of defendant to exterminate, destroy, and eradicate from the soil of said real property a certain noxious weed known as Russian thistles, and ground-squirrels, a common animal pest (secs. 2322, 2322a, Pol. Code; Stats. 1917, p. 627). By the second amended complaint filed in the court below it was alleged that defendant corporation was the owner of a tract of land situate in the County of Riverside, this state, particularly described as "lots 1 to 12 inclusive; lots 29 to 50

inclusive; lots 67 to 84 inclusive; lots 114 to 119 inclusive; lots 124 to 125 inclusive, of Fairhaven Farms, West Riverside, as shown by map on file in Book 6, page 2 of Maps, records of Riverside County.'' The sixty lots above enumerated contain five acres each, totaling 300 acres, and lay north of Limonite Street, while the remaining fifty acres, which, according to the map on file are subdivided into ten lots of five acres each, lie south of said street, eight of which abut thereon. The court found that said 300 acres lying north of said street, notwithstanding the legal subdivisions into which they had been mapped, constituted a single tract or parcel of land. As a matter of fact no contention is made that there are any physical lines or marks or objects separating one lot from another in said 300-acre tract against which the lien herein is asserted. It appears that Limonite Street, which forms the southern boundary of said 300-acre tract, was not merely a platted street but it was actually in use as a thoroughfare. It also appears that a portion of the exterior limits is partially marked by a fence. But we do not regard this as a circumstance of great moment, inasmuch as said lots are specifically referred to by numbers in both the notice to abate the nuisance and in the notice of lien. The argument of appellant is that the entire acreage of said Fairhaven Farms tract constitutes one entity and no part is severable from another, and that an entry upon any one lot is an entry upon the whole. Therefore, it is argued, the entry by the county upon the ten lots south of Limonite Street having been made without authority of law, for the reason that it was made before the expiration of the ten-days' period allowed by law to the owner to abate the nuisance, the proceedings taken by the horticultural commissioner commanding the owner to exterminate said ground-squirrels and destroy the Russian thistles growing on said lands are invalid *in toto* and must fall even though the services prematurely performed were rendered upon said ten lots which were neither included in the notice to abate the nuisance nor in the notice of lien filed thereafter. The rule of *in invitum* which generally applies in cases of this class does not carry with it such far-reaching nullifying power. It is true that the county by its agent did enter upon said ten lots south of Limonite Street and performed service thereon on the assumption that it was acting.

under authority of law, but its acts were wholly unauthorized, and the court so found and refused to allow the county's claim for services performed on said ten lots so entered upon. [1] We are not able to see, as appellant seems to see, how an unauthorized entry and performance of services upon lands not sought to be charged with a lien can affect or nullify the right of lien upon a specifically described tract of land in the absence of a material defect in procedure or the violation of some substantial right of the owner of said specifically described body or tract of land. As observed above the services charged against appellant's lands began on July 24, 1919, a period incontrovertibly beyond the time fixed by statute as a limitation upon the owner's right to avail himself of the privilege of abating the nuisance. The fact that the county made an unlawful entry by mistake upon lands not included in the notice to abate a nuisance, admitting that said entry would have been premature had it been made upon the lands specifically designated in the notice, does not afford the slightest ground for the invalidation of the lien upon the lands upon which service was performed as provided by law. The notice to abate the nuisance was posted on the same day that notice was deposited in the mail, to wit, July 8th, on the 300-acre tract at a place near Limonite Street where it was most likely to give notice to the owner and the public. The services charged against said 300-acre tract were reckoned from and included July 24, 1919, which was two days *after* the expiration of the period when the right to enter said lands and perform the duty imposed upon the owner accrued to the county. We do not understand that a premature entry and partial performance would of itself constitute a bar to the right of the lien claimant to foreclose its lien upon the failure of the owner to perform within the time prescribed by a statutory notice. In such a case the county would lose its claim for compensation for services prematurely performed, but a premature entry and partial performance would not *ipso facto* invalidate the lien for services thereafter rendered within the period allowed by law. By the notice ten days were granted to the land owner, dating from July 8, 1919, to abate the nuisance. The work for which compensation was allowed was for labor done after the expiration of the ten-day period. This was alleged,

proved, and found by the court. Subdivision 7, section 2322a of the Political Code provides that the expense of abating the nuisance shall become a lien on the property from which said nuisance has been removed. " . . . Notice of such lien shall be filed and recorded in the office of the county recorder . . . within thirty days after the right to the said lien has accrued and a copy'' mailed to the owner. [2] The notice of lien was filed within the statutory time. It contains an error as to the exact date the labor was performed, but so far as the requirements of the statute are concerned it need not have done more than to give notice that a lien was claimed on the described premises for the abatement of the nuisance filed within thirty days after the right to the lien accrued. The important question is that notice of lien should state that a lien is claimed and that notice has been filed within thirty days after the lien accrued. The notice to abate the nuisance was duly posted and served, making allowance for the full statutory time that appellant was entitled to, by reason of its place of business being sixty miles distant from Riverside, before the services sued on were commenced.

In its petition for a hearing by this court appellant contended that the seventy lots described in the second amended complaint were contiguous, thereby forming a whole. We above pointed out the severability of the ten lots south of Limonite Street from the area on the northerly side of said street, but be that as it may, said ten lots were not included by description or mention in any way in the notice to the owner to abate the nuisance and were not proceeded against by the action nor were they regarded as in any way contributing to said nuisance. This would be a sufficient reason for excluding them from the burden imposed upon the tract lying north of said street.

If the argument of appellant as to the contiguity of the plotted lots forming one parcel or tract of land be sound, then it must follow that its claim of exemption of sixteen of said plotted lots included in the 300-acre tract upon which it is claimed no labor was actually done must fall. Viewed upon the ground none of said sixteen lots were distinguishable from any other lots contained in the area. It must be presumed that services performed for the benefit of an entire tract were beneficial to its several parts. Especially is this

true where, as here, the subject matter, both animate and inanimate, is ambulatory in character.

[3] The court made a separate finding that the expense incurred in exterminating ground-squirrels on said premises, amounting to the sum of fifteen dollars, was incidental and secondary to the destruction of Russian thistles. Under the authority of *County of San Benito* v. *Wapple,* 188 Cal. 423 [205 Pac. 673], this finding cannot stand. It was therein held that by the amendment of chapter IV of the Political Code, section 2322 et seq. (Stats. 1917, p. 627), providing for an alternative system of proceedings for the destruction of ground-squirrels, in view of the dual system provided by statute, vesting horticultural commissioners and local boards of health or health officers, respectively, with the power of providing for the destruction of ground-squirrels, and charging the lands infested by them with a lien for the expense of so doing, it was a necessary condition precedent to the action of said horticultural commissioners or local boards of health that the board of supervisors of the county or other governing body determine in advance which of the alternative systems or methods of procedure should be selected for the extermination of said animal pests. In the instant case this requirement was not observed. The amended complaint contains an allegation, doubtless in an attempt to comply with the suggestion made in the above-cited case, and the court found, that the extermination of said ground-squirrels was incidental and secondary to the destruction of Russian thistles. There is no evidence in the record, however, which seems to justify the finding that the destruction of one pest was the primary and the other the secondary object of the horticultural officer. There is absent from the amended complaint herein any averment that the proceedings taken by the horticultural commissioner or his deputed representative were preceded by any action on the part of the board of supervisors of the County of Riverside authorizing either of said officers to initiate the proceedings as to the extermination of ground-squirrels. This finding and branch of the case is clearly severable from the other dealing with the destruction of Russian thistles and the latter branch remains unaffected by expunging from consideration said finding.

The foregoing disposes of the important points made by appellant which in our judgment demand special consideration. Others discussed by counsel have been considered.

In conclusion it is proper to state that the instant case is before us for hearing after decision by the district court of appeal, first appellate district, division two, Mr. Justice Sturtevant writing the opinion. Upon a reconsideration of the arguments of counsel we are of the opinion that the conclusions reached by said district court of appeal are sound and properly indicate the judgment that should be rendered. The judgment, therefore, will be modified by deducting fifteen dollars from the principal amount contained in the judgment, and as so modified the judgment will stand affirmed. It is further ordered that respondent recover its costs.

Richards, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.